**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MIGUEL CASTILLO RUBIO, | No. 14-73858 |
| Petitioner, | Agency No. A072-689-473 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Miguel Castillo Rubio, native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

immigration judge's denial of his application for asylum, withholding, and relief

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.  We review for abuse of discretion the denial of humanitarian asylum, *Belayneh v. INS*, 213 F.3d 488, 491 (9th Cir. 2000), and for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny the petition for review.

The BIA did not abuse its discretion in denying Castillo Rubio's request for humanitarian asylum, because Castillo Rubio failed to show sufficiently severe past persecution, or that there is a reasonable possibility he may suffer 'other serious harm' if returned to Guatemala.  *See* 8 C.F.R. § 1208.13(b)(1)(iii); *Marcu v. INS*, 147 F.3d 1078, 1082-83 (9th Cir. 1998) (BIA did not abuse its discretion in denying humanitarian asylum where it heard the claim, considered the evidence, and decided against petitioner).

Further, substantial evidence supports the BIA's conclusion that even if Castillo Rubio established past persecution, his presumption of a fear of future persecution was rebutted by a fundamental change in circumstances in Guatemala. *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir. 2003) (substantial evidence supports agency's determination where agency rationally construes background evidence and conducts an individualized analysis of petitioner's situation).  Thus, Castillo Rubio's asylum claim fails.  *See Sowe v. Mukasey*, 538 F.3d 1281, 1285-88 (9th Cir. 2008).

14-73858

Because Castillo Rubio did not establish eligibility for asylum, he could not meet the more stringent standard for withholding of removal and his claim fails. *See id*. at 1288.

Finally, substantial evidence also supports the denial of Castillo Rubio's CAT claim because he failed to establish it is more likely than not he will be tortured by or with the consent of the government if returned. *See Silaya*, 524 F.3d at 1073. We reject Castillo Rubio's contention that the BIA failed to consider evidence. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**